IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT LEE BROWN,
FDOC Inmate No. 057483,
      Plaintiff,

vs.                                      Case No.:  3:18cv240/LAC/EMT

JOHN K. FERGUSON,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se, commenced this 42 U.S.C. § 1983 action by filing a civil rights complaint (ECF No. 1).  Plaintiff also filed a motion to proceed in forma pauperis ("IFP") (ECF No. 2).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of the issues raised by Plaintiff, as well as Plaintiff's litigation history, it is the opinion of the undersigned that this case should be dismissed, pursuant to 28 U.S.C. § 1915(g).

The court takes judicial notice of cases that were previously filed by Plaintiff in the United States District Court which have been previously dismissed by the district court as frivolous and for failing to state a claim upon which relief may be granted.

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In fact, Plaintiff's status as a prisoner with "three strikes" was recently determined in another civil rights complaint he previously filed in the United States District Court for the Middle District of Florida, Case No. 5:14-cv-384-Oc-10PRL. In that case, three civil actions or appeals were identified as having been dismissed as frivolous, malicious, or for failing to state a claim for relief:

> *Brown v. Courson*, Case No. 2:00-cv-161-FtM-260 (M.D. Fla. Apr. 21, 2000) (dismissing for failure to state a claim); *Brown v. Graybill*, Case No. 00-14059-F (11th Cir. Oct. 31, 2000) (dismissing appeal as frivolous); *Brown v. Venziano*, Case No. 5:08-cv-443-0c-10GRJ (M.D. Fla. Feb. 12, 2009) (dismissing for failure to state a claim).

Case No. 5:14-cv-384-Oc-10PRL, Doc. 4 at 2 n.1 (Order of Dismissal, entered on July 7, 2014).

Thus, Plaintiff's status as a "three striker" has already been recognized, and this court in its independent investigation of these cases concurs with the Middle District's result.[1]  Additionally, Case No. 5:15cv172/MMP/EMT, which Plaintiff filed in this court in 2015, was dismissed by this court for failure to state a claim under 28 U.S.C. § 1915 (*see* Report and Recommendation, adopted by court and judgment entered on February 11, 2016 (ECF Nos. 10, 12, 13)).  Thus, Plaintiff has had a fourth strike assessed against him as well.

A prisoner with three strikes is precluded from proceeding in forma pauperis in a civil action unless it can be shown that he is under imminent danger of serious physical injury, which the court must determine from the complaint.  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must construe the complaint liberally and accept the allegations as true.  *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002).  General allegations that are not grounded in specific

---

[1]  The court particularly notes that the full name and inmate number (#057483) of the plaintiff in those cases is the same as Plaintiff's.

facts to indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to the filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant complaint, Plaintiff claims he was unfairly taken off his religiously prescribed diet due to allegations against him by the Defendant prison chaplain that he had violated the terms of the diet. As such, Plaintiff clearly does not show that he is facing a likelihood of imminent serious physical injury as a result of these alleged actions.

Because Plaintiff fails to meet the imminent injury requirement of section 1915(g), he is not eligible to proceed in forma pauperis. Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, this case should be dismissed. Leave should not be provided to allow him to pay the fee. Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED:**

Case No.: 3:18cv240/LAC/EMT

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 20<u>th</u> day of February 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**